UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:05CV-816-H

BARBARA A. CLARK and     PLAINTIFFS
HAZEL L. LASHLEY

V.

SCHINDLER ELEVATOR     DEFENDANTS
CORPORATION and

J.C. PENNEY CORPORATION, INC. and

UNKNOWN DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Barbara Clark and Hazel Lashley (collectively "Plaintiffs") allege they were injured in a fall on an escalator at a J.C. Penney Store in Louisville. Defendants Schindler Elevator Corporation ("Schindler") and J.C. Penney Corporation, Inc. have filed a motion for summary judgment. Despite having been granted one extension of time, Plaintiffs have failed to file a response to this motion. Nevertheless, the Court must independently examine the evidence to test its viability.

I.

On November 26, 2004, Plaintiffs were shopping at the J.C. Penney store located at 4803 Outer Loop, Louisville, Kentucky. Plaintiffs allege that they were riding an escalator at the store when it "abruptly stopped," causing both Plaintiffs to fall and sustain injuries. Schindler is the service company responsible for the installation and maintenance of the escalator at the store.

Angela Smith-Perronie ("Perronie") was also at J.C. Penney that day and was riding on the same escalator as Plaintiffs when the Plaintiffs' accident occurred. Perronie has testified in

her deposition for this case that the escalator operated properly, did not jerk, did not lurch, and did not speed up or slow down. Few other relevant facts have been uncovered or produced. Plaintiffs have offered no expert opinions about the cause of the alleged "abrupt stopping." Plaintiffs assert in their complaint that Defendants are liable for the accident on the theory of *res ipsa loquitur.*

II.

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to summary judgment as a matter of law. *See* Fed. R. Civ. P. 56. "[W]here the record taken as a whole could not lead a rational trier of fact to find for the [non-movant], the motion should be granted." *Barnhart v. Pickrel, Schaeffer & Ebeling Co.,* 12 F.3d 1382, 1389 (6th Cir. 1993) (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479-80 (6th Cir. 1989)). Furthermore, in considering a motion for summary judgment, the court must construe the facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In this case the evidence, or lack of it, has different consequences for each Defendant.

III.

Defendant J.C. Penney is a possessor of property which it holds open for business purposes. Under Kentucky law, a business owner has an affirmative duty to exercise reasonable care to inspect for hazardous conditions and use care not to injure the visitor by negligent activities. *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 433 (Ky. 2003) (quoting William Prosser and W. Page Keeton, *Prosser and Keeton on Torts*, § 61, at 425-26 (5th ed. 1984)).

Defendants argue that *Arbuckle v. Stewart Dry Goods Company, Inc.*, 291 S.W.2d 525 (Ky. 1956) presents facts similar to the case at hand. In *Arbuckle*, the plaintiff fell on an escalator. *Id.* She testified that she felt a "quick jerk" from the escalator just before her fall. *Id.* An employee of the store was near the elevator and testified that the escalator did not jerk. *Id.* Other evidence was given by experts who testified that the escalator was in "perfect working condition immediately after the accident occurred." *Id.* The court found that the plaintiff had not presented a case on which she could recover, and that the doctrine of *res ipsa loquitur* was not applicable because the plaintiff could not show sufficient evidence of an "unusual happening." The court went on to conclude that the "jerk" the plaintiff experienced was simply the normal functioning of that piece of machinery.

Our case is similar – although not identical – to that presented in *Arbuckle*. Plaintiffs here say that the escalator "abruptly stopped," causing their fall. Perronie testified in her deposition that she did not notice any unusual movement by the escalator. However, there has been no expert testimony in this case showing that the escalator was in perfect working condition immediately after the accident. A jury could believe Plaintiffs' account of the case, or could believe Perronie's account. If a jury believed the former, the question would then become whether the fact that the escalator "abruptly stopped" was sufficient to establish liability against Defendants under the theory of *res ipsa loquitur*.

*Res ipsa loquitur* is a Latin phrase which means "the thing speaks for itself," and is invoked when the facts and circumstances are such that a party's negligence can be inferred even in the absence of expert testimony. *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992). The following conditions must be met for the doctrine to be applied: (1) the defendant must have had

full management of the instrumentality which caused the injury; (2) the circumstances must be such that, according to common knowledge and the experience of mankind, the accident could not have happened if those having control and management had not been negligent; (3) the plaintiff's injury must have resulted from the accident. *Vernon v. Gentry*, 334 S.W.2d 266, 268 (Ky. 1960) (citing *Cox v. Wilson*, 267 S.W.2d 83 (Ky. 1954)). *Res ipsa loquitur* is, however, simply "one kind of circumstantial evidence" and can be rebutted by other types of evidence. *Perkins*, 828 S.W.2d at 654.

There is little question that the elevator operated within the space J. C. Penney controlled and that J. C. Penney, in fact, had full control of the elevator and its operation. Furthermore, if a jury believes that Plaintiffs fell because of a sudden stop of the escalator, there is little doubt that the stop caused their injuries. As to the second prong, patrons in a public store do not expect to board an escalator and then have it come to a sudden stop. Common experience would dictate that such a sudden stop must be caused by negligence on someone's part. This case is perhaps more analogous to *J.C. Penney Co. v. Livington*, 271 S.W.2d 906 (Ky. 1954), where the Kentucky Supreme Court held that *res ipsa loquitur* could apply where a small child was injured on an escalator. *Id.* at 908. In summary, the doctrine of *res ipsa loquitur* is applicable and because of it the jury may infer that J. C. Penney was negligent in its management of the premises. Of course, any reference of negligence that *res ipsa loquitur* permits is rebuttable with other evidence.

The claim against Schindler is a different matter. Schindler is not the owner or leaseholder and has no independent duty to keep the premises safe. It has no control of either the premises or the escalator. Therefore, the doctrine of *res ipsa loquitur* does not apply. Though it

4

does have a duty to perform its maintenance services with reasonable care, Plaintiff found no evidence of Schindler's failure to do so. Even if the jury believed that the elevator stopped abruptly, it would be sheer speculation that any lack of due care on Schindler's part had anything to do with it. A complete failure of proof as to Schindler's negligence requires dismissal of the claim against it. *See Minette v. AM-7-7 Baking Co.*, 929 F.2d 276, 280 (6th Cir. 1991) (summary judgment should be granted when there is a "complete absence of proof on the issues").

For all these reasons and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is SUSTAINED in part and the claim against Schindler is DISMISSED WITH PREJUDICE. The claim against J. C. Penney remains.

This is not a final order.

cc: Counsel of Record